IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Steven Collins, #141257, | ) | |
| | ) | Civil Action No.: 2:16-cv-02500-JMC |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Leroy Cartledge Warden of McCormick Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner Steven Collins ("Petitioner") filed this *Pro se* Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus ("Petition") on July 11, 2016. (ECF No. 1.) Petitioner alleges ineffective assistance of trial counsel, prosecutorial misconduct, and due process violations. (*Id*.)

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, the matter was referred to United States Magistrate Judge Mary Gordon Baker for pre-trial handling. On September 19, 2016, the Magistrate Judge issued a Report and Recommendation ("Report") recommending the court to summarily dismiss Petitioner's Complaint without prejudice and without requiring Respondent to file an answer or return. (ECF No. 9.) This review considers Petitioner's Objection to Report and Recommendation ("Objections"), filed on August 19, 2016. (ECF No. 14.) For the reasons set forth herein, the court **ACCEPTS** the Magistrate Judge's Report. The court thereby summarily **DISMISSES** the Petitioner's Complaint (ECF No. 1) without prejudice and without requiring Respondent to file an answer or return.

**I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

The facts viewed in the light most favorable to Petitioner are discussed in the Report. (*See* ECF No. 6.) The court concludes, upon its own careful review of the record, that the Magistrate

1

Judge's factual summation is accurate and incorporates it by reference. The court will only recite herein facts pertinent to the analysis of Petitioner's Objections.

Petitioner is incarcerated at McCormick Correctional Institution within the South Carolina Department of Corrections. (ECF No. 1 at 1.) Petitioner states he was convicted of armed robbery and possession of a weapon in the Greenville County Court of General Sessions on September 13, 2006. Petitioner was sentenced to life imprisonment without parole and a concurrent five year term of imprisonment. (*Id*.) Petitioner filed a direct appeal of his criminal conviction at the South Carolina Court of Appeals, but his appeal was dismissed. (*Id*. at 1); *State v. Collins*, Case No. 2009–UP–479, 2009 WL 9530074 (S.C. App., Oct. 14, 2009).

Petitioner states he filed three applications for post-conviction relief ("PCR") challenging his criminal conviction in a South Carolina PCR Court. (ECF No. 1 at 3-4.) Petitioner claims he filed his first application for PCR (Case No. 2009–CP–23–10469), on December 10, 2009, alleging ineffective assistance of counsel and prosecutorial misconduct. (*Id*.) Petitioner alleges he filed a second application for PCR (Case No. 2013–CP–23–02300), on April 24, 2013, asserting ineffective assistance of both his trial and PCR counsel. (*Id*.) Petitioner asserts he filed his third application for PCR (Case No. 2015-CP-23-1989), on September 10, 2015, claiming ineffective assistance of both trial and PCR counsel.[1] (*Id*.) Petitioner explained that the state court denied his request for relief on his three PCR applications. (*Id*.).

On March 27, 2014, Petitioner filed his first *Pro se* Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus alleging ineffective assistance of counsel based on rejection of his plea offer resulting in his sentence of life without parole, and challenging the timeliness of filing his

---

[1] Petitioner alleges he filed a third PCR application in 2015, and provides a case number. However, a South Carolina records check does not reveal such filing with the stated case number. (see http://publicindex.sccourts.org/Greenville/PublicIndex/CaseDetails).

petition. The court dismissed this petition with prejudice. *Collins v. Cartledge*, Case No. 2:14-cv-1200-BHH-WWD, 2014 WL 8396824 (D.S.C. Nov. 14, 2014), adopted by 2015 WL 1518144 (D.S.C. March 30, 2015). On April 28, 2016, Petitioner filed a second *Pro se* Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus. *Collins v. Cartledge*, No. 2:16-cv-1391-JMC (May, 2, 2016) at ECF No. 1. Petitioner alleged that the trial court should have granted a mistrial. Petitioner claims that "the police failed to show any reason to suspect or arrest Defendant [Petitioner] at the time of his arrest," and his trial counsel was ineffective because he allegedly failed to investigate certain physical evidence and allegedly "failed to object when the trial judge did not charge criminal intent." (*Id*.) On June 9, 2016, the court dismissed this petition without prejudice due to Petitioner's failure to seek authorization from the United States Court of Appeals for the Fourth Circuit to file a successive petition. (*Id*. at 11.)

The Magistrate Judge recommended the court to summarily dismiss the case at issue here without prejudice and without requiring Respondent to file an answer or return because the Magistrate Judge had determined that Petitioner previously filed a § 2254 petition that the court considered and denied on the merits. (ECF No. 9 at 1.) Furthermore, the Magistrate Judge found that Petitioner filed a § 2254 unauthorized successive petition on the same conviction without permission of United States Court of Appeals for the Fourth Circuit and that Petitioner is not entitled to a Certificate of Appeal. (*Id*. at 7)

## II. STANDARD OF REVIEW

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Matthews v. Weber*, 423

U.S. 261, 270-71 (1976). This court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the magistrate judge's recommendation, or recommit the matter with instructions. *See* 28 U.S.C. § 636 (b)(1).

Objections to a Report and Recommendation must specifically identify portions of the Report and the basis for those objections. Fed. R. Civ. P. 72(b). "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Failure to timely file specific written objections to a Report will result in a waiver of the right to appeal from an Order from the court based upon the Report. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). If the plaintiff fails to properly object because the objections lack the requisite specificity, then *de novo* review by the court is not required.

As Plaintiff is a *pro se* litigant, the court is required to liberally construe his arguments. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The court addresses those arguments that, under the mandated liberal construction, it has reasonably found to state a claim. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999).

### III. DISCUSSION

In his Objections, Petitioner asserts that he filed "a habeas corpus application and motion for authorization to file a second or successive application for relief under 28 U.S.C. § 2254." (ECF No. 8 at 1.) The court records reveal that on August 19, 2016, Petitioner filed both a motion

for authorization from the United States Court of Appeals for the Fourth Circuit on this successive § 2254 petition and proposed successive 2254 petition. (ECF Nos. 15, 15-1.) On August 30, 2016, the Fourth Court denied an authorization for the court to consider Petitioner's successive application for relief pursuant to 28 U.S.C. § 2254. (ECF No. 18.) Consequently, Petitioner has failed to obtain authorization from the Fourth Circuit on this successive § 2254 petition. For this reason, the court lacks jurisdiction to consider this petition.

## IV. CONCLUSION

Based on the aforementioned reasons and a thorough review of the Report and Recommendation of the Magistrate Judge and the record in this case, the court **ACCEPTS** the Report and Recommendation of the Magistrate Judge (ECF No. 9). It is therefore ordered that Petitioner's Complaint (ECF No. 1) is summarily **DISMISSED** without prejudice and without requiring Respondent to file a return.

### Certificate of Appealability

The law governing certificates of appealability provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

J. Michelle Childs
United States District Judge

June 8, 2017
Columbia, South Carolina